William Frank PARKER *v.* The Honorable William H.
ENFIELD, Circuit Judge and the State of Arkansas

CR 88-95                                              752 S.W.2d 283

Supreme Court of Arkansas
Opinion delivered July 14, 1988

*Kelley & Luffman*, by: *James M. Luffman*; and *Slinkard &
Halbrook*, by: *Howard L. Slinkard*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y Gen.,
for appellee.

PER CURIAM. This petition for a writ of prohibition and
certiorari is filed by court-appointed counsel for William Frank
Parker. Parker is ostensibly the petitioner, although counsel
acknowledge that the petition is filed against his express wishes
that no action for appellate review be taken in his behalf.

Parker was sentenced to death on March 30, 1988, and
timely notice of appeal was filed on April 7. On April 19 Parker
filed a handwritten pro se motion in the circuit court asking the

court to disregard the notice of appeal and permit his execution to proceed on July 26, 1988, as ordered.

A hearing was conducted on June 27, 1988, and at the conclusion the court found that William Frank Parker was mentally competent to waive an appeal and to knowingly and intelligently exercise that choice. The court further ordered that William Frank Parker should be permitted to withdraw his appeal and execution should proceed. The trial court also ruled that counsel for William Frank Parker should not be permitted to withdraw (A.R.Cr.P. Rule 36.26), and they have filed this petition in spite of Parker's wishes because they feel compelled to do so.

The response of the State of Arkansas by the Office of the Attorney General asserts that the record of the June 27, 1988, hearing has been ordered, that prohibition is not the proper remedy, inasmuch as the order for which prohibition is sought has already been entered, but concedes that a stay of execution may be necessary pending the completion and filing of the record.

In *Franz* v. *State*, 296 Ark. 181, 754 S.W.2d 839 (1988), this court held that a defendant will be permitted to forego an appeal in a death case only if he has been judicially determined to have the capacity to understand the choice between life and death and to knowingly and intelligently exercise that choice. The trial court's decision on that issue is subject to a mandatory review, the standard being whether the trial court's conclusion is clearly erroneous.

Whether the proceedings conducted on June 27 on Parker's competency to waive an appeal of his death sentence were conducted in accordance with the principles adopted in *Franz* v. *State, supra*, we cannot determine until the record is lodged.

The petition for a writ of prohibition is denied, writ of certiorari for the record of the hearing of June 27, 1988, is issued to be returned within thirty days, and the execution scheduled for July 27, 1988, is stayed.

IT IS SO ORDERED.